UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLOTTE MONDAY and<br>DARLENE PATTON, | *<br>*<br>* |
| Plaintiffs | * |
| | * NO. _____ |
| v. | * |
| | * JURY DEMAND |
| LA-Z-BOY INCORPORATED, | *<br>* |
| Defendant | * |

## COMPLAINT

Come Plaintiffs and sue Defendant for damages in the amount of $750,000.00. Plaintiffs would show unto the Court as follows:

**I.     JURISDICTION**

1.     The jurisdiction of this Court is invoked by Plaintiffs pursuant to 29 U.S.C. §626, *et seq*., and 29 U.S.C. §2601, *et seq.,* to secure protection and redress for the deprivation of rights guaranteed by the Age Discrimination in Employment Act, as amended (ADEA), and the Family and Medical Leave Act (FMLA) providing for injunctive and other relief against age discrimination in employment and Family and Medical leave.

**II.    NATURE OF PROCEEDING**

2.     This is a proceeding for back pay and benefits due Plaintiffs; for injunctive relief requiring Defendant's re-employment of Plaintiffs at their former positions or front pay in lieu of reinstatement; for compensatory damages; liquidated damages, costs, prejudgment interest and attorney fees; and for such additional damages as may be necessary to effectuate the purposes of ADEA and FMLA.

**III. THE PARTIES**

3. Plaintiff Charlotte Monday is a 67-year-old resident of Dayton, Rhea County, Tennessee. Plaintiff Monday was employed at Defendant's Dayton, Rhea County, Tennessee manufacturing plant.

4. Plaintiff Darlene Patton is a 58-year-old resident of Dayton, Rhea County, Tennessee. Plaintiff Patton was employed at Defendant's Dayton, Rhea County, Tennessee manufacturing plant.

5. Defendant is a Michigan corporation with its principal place of business in Monroe, Michigan. It regularly conducts business in Dayton, Rhea County, Tennessee.

6. The matters giving rise to this suit occurred in Dayton, Rhea County, Tennessee. This Honorable Court has jurisdiction and venue over the parties and the subject matter of this lawsuit pursuant to ADEA and FMLA.

**IV. FACTUAL BASIS OF PLAINTIFFS' CLAIMS**

7. Plaintiff Monday was employed by Defendant in the Mech Cell 4 area. She had been with Defendant for over 26 years when she was terminated.

8. In late February 2020, Plaintiff Monday applied for and was approved for Family and Medical Leave due to the death of her grandson. After only one month out of work, Plaintiff Monday notified Defendant that she would return to work on or about March 30, 2020.

9. However, when Plaintiff Monday notified Defendant of her return, she was told that Defendant was going to layoff almost all of its employees due to COVID within a day or two and that she would be included in the layoff.

10. Plaintiff Patton was also employed by Defendant as a manual spinner operator. She had been employed by Defendant for almost 28 years when she was terminated on September 28, 2020.

11. Plaintiff Patton was told that she along with the other employees in her work area would be a part of the COVID layoff effective March 28, 2020.

12. Defendant temporarily laid off 1434 of its 1454 employees in the Dayton facility. The employees not laid off were a part of management and maintenance.

13. Plaintiffs and other employees were told that the layoff would be temporary during the COVID pandemic, and then employees would be recalled.

14. Defendant began recalling employees in May and June 2020. In most cases, younger employees with less seniority were recalled to work at Defendant's plant.

15. Plaintiffs inquired as to when they would be recalled. They contacted Defendant by telephone and by letter. The response was a letter from Defendant dated August 7, 2020, explaining that if they were not recalled by September 28, 2020, they would be considered retired by Defendant.

16. Plaintiffs objected to their forced retirement and let Defendant know that they wanted to return to work, but Defendant refused to recall Plaintiffs to work.

17. On September 28, 2020, Plaintiffs were "retired" by Defendant.

18. Defendant has brought in young, temporary workers to perform their former jobs or jobs which they were qualified to perform, but Defendant refuses to call Plaintiffs back to work.

19. It is not surprising to either Plaintiff that they were discriminated against by Defendant. Plaintiff Monday had been told several times that she should retire and enjoy life or asked if she had thought about retiring.

## V. PLAINTIFFS' CLAIMS

20. Defendant discriminated against Plaintiff Monday on the basis of her age by not allowing her to return to work following the COVID layoff and then retiring her in violation of 29 U.S.C. §623, *et seq.*

21. Defendant discriminated against Plaintiff Patton on the basis of her age by not allowing her to return to work following the COVID layoff and then retiring her in violation of 29 U.S.C. §623, *et seq.*

22. Defendant interfered with Plaintiff Monday's rights under the Family and Medical Leave Act by terminating her employment rather than allowing her to return to work in violation of 29 U.S.C. §2601, *et seq.*

23. Defendant retaliated against Plaintiff Monday for exercising her rights under the FMLA by unlawfully terminating her employment in violation of 29 U.S.C. §2601, *et seq.*

24. Defendant is responsible for the acts of its supervisory employees.

## VI. JURISDICTIONAL PREREQUISITE

25. Plaintiffs each filed a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiffs have received their Right to Sue, which are attached.

## VII. DAMAGES

26. As a result of the wrongful action of Defendant in discharging Plaintiffs, Plaintiffs have suffered both financially and emotionally. In particular, Plaintiffs lost and will continue to lose salary, opportunities and advancement, and various employee benefits, which they would have earned had they been allowed to continue in their position and employment with Defendant. In addition to the actual and financial loss Plaintiffs have sustained, they have suffered great mental anguish

resulting from the embarrassment and humiliation that they experienced because of Defendant's actions.

**VIII.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray as follows:

a.  That service be issued and properly served upon Defendant and Defendant be required to answer within the time prescribed by law;

b.  That upon the hearing of this cause, Plaintiffs be awarded judgment for damages for lost wages and the value of all employment benefits which they have lost from the date of Defendant's discriminatory action;

c.  That the Court issue an injunction requiring Defendant to re-employ Plaintiffs at their former positions with all employment rights and benefits to which they would have been entitled, and without harassment or illegal conditions imposed on their jobs, or, in the alternative, front pay and benefits in lieu of reinstatement;

d.  That Plaintiffs be awarded additional compensatory damages in the amount of $750,000, including damages for humiliation and embarrassment and emotional distress, as are allowed pursuant to the provisions of 29 U.S.C. §623, *et seq.*, and liquidated damages under ADEA;

e.  That Plaintiff Monday be awarded additional damages, including liquidated damages, as are allowed pursuant to the provisions of 29 U.S.C §2601, *et seq.*;

f.   That Plaintiffs be awarded attorney fees and such other and further relief as the Court deems proper pursuant to 29 U.S.C. §621, *et seq.* and 29 U.S.C §2601, *et seq.*;

g.  That Plaintiffs be awarded such other and further relief as the Court deems proper; and

h.  Plaintiffs demand a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

BY: s/ *Frank P. Pinchak*
 Harry F. Burnette, BPR #004803
 Frank P. Pinchak, BPR #02094
 Madison Hahn, BPR #037860
 711 Cherry Street
 Chattanooga, TN 37402
 Phone: (423) 266-2121
 Fax: (423) 266-3324
 fpinchak@bdplawfirm.com
 hburnette@bdplawfirm.com
 mhahn@bdplawfirm.co